

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 7, 2018

David M. Rosenfield, Esq.
Two Park Avenue
New York, New York 10016

Janet Levine, Esq.
Kendall Brill & Kelly
10100 Santa Monica Boulevard
Suite 1725
Los Angeles, CA 90067

      Re:    <u>United States v. Morrie Tobin</u>

Dear Mr. Rosenfield and Ms. Levine:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Morrie Tobin ("Defendant"), agree as follows:

1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall waive indictment and plead guilty to an Information substantially in the form attached to this Plea Agreement charging him with: one count of conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371, and one count of securities fraud, and aiding and abetting the same, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2. Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One and Two of the Information, did so knowingly and willfully, and is in fact guilty of those offenses.

2.    <u>Penalties</u>

Defendant faces the following maximum penalties on Count One of the Information: incarceration for five years; supervised release for three years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; restitution; and

forfeiture to the extent charged in the Information. Defendant faces the following maximum penalties on Count Two of the Information: incarceration for 20 years; supervised release for three years; a fine of $5,000,000 or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Information.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The U.S. Attorney will take the position that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

> a)  in accordance with USSG § 2B1.1(a)(1), Defendant's base offense level is seven, because Defendant is pleading guilty to an offense of conviction referenced to this guideline that has a statutory maximum term of imprisonment of 20 years or more;
>
> b)  in accordance with USSG § 2B1.1(b)(1)(K), Defendant's offense level is increased by 20, because the total loss or intended loss amount for the offenses of conviction and related conduct is more than $9,500,000 but not more than $25,000,000;
>
> c)  in accordance with USSG § 2B1.1(b)(10), Defendant's offense level is increased by two, because a substantial part of Defendant's fraudulent scheme was committed from outside the United States, and the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting the sophisticated means; and,
>
> d)  in accordance with USSG § 3B1.1(a), Defendant's offense level is increased by four because Defendant was an organizer and leader of a criminal activity that

2

involved five or more participants and was extensive.

The U.S. Attorney reserves the right to oppose Defendant's arguments for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

a) Fails to admit a complete factual basis for the plea;

b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

d) Fails to provide truthful information about Defendant's financial status;

e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

g) Intentionally fails to appear in Court or violates any condition of release;

h) Commits a crime that is chargeable under the Sentencing Guidelines;

i) Transfers any asset protected under any provision of this Plea Agreement; or

j) Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court

and the U.S. Probation Office with accurate and complete information regarding this case.

    4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the Court:

       a) incarceration at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3;

       b) a fine at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

       c) 36 months of supervised release;

       d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

       e) restitution in an amount to be determined by the Court at sentencing;

       f) forfeiture as set forth in Paragraph 8; and,

       g) that the amount forfeited under this agreement be used to satisfy any restitution judgment, if any.

Defendant reserves the right to seek an alternative sentence.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

    5.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Defendant has agreed to forfeit pursuant to this Plea Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

       a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $20,000;

b) Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $10,000 per month; and

c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Plea Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing is satisfied in full.

If the U.S. Attorney requests, Defendant further agrees to complete truthfully and accurately the enclosed sworn financial statement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

6.    <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

a) Defendant has conferred with his attorneys and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal.   Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) set aside or reduced.

b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

c) Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 121 months or less or any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution.   This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

d) The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 97 months or more.

e) Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under <u>Strickland v. Washington</u>; (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or

5

sentence; or (iii) that the Court erred in calculating loss, restitution or forfeiture amount.

7.    Other Post-Sentence Events

   a)  If, despite the waiver provision of sub-paragraph 5(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c)).

   b)  If, despite the waiver provision of sub-paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

   c)  In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

8.    Court Not Bound by Plea Agreement

   The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

9.    Forfeiture

   Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture, which may be satisfied at any time prior to sentencing, may include assets directly traceable to Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

   The assets to be forfeited specifically include the following:

    a. Defendant's interest, if any, in any and all trading proceeds for the security EPTI; and,

    b. an Order of Forfeiture (Money Judgment) of $4,000,000 in United States currency, which shall be satisfied by liquidating all debenture holdings in Canada, or, if Defendant is unable to do so, through payment with other assets.

Defendant admits that $4,000,000 in United States currency is subject to forfeiture on the grounds that it is at least equal to the amount of proceeds the Defendant obtained (directly or indirectly) as a result of the offenses, separate and apart from the offenses involving EPTI, and that the $4,000,000, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets in lieu of the $4,000,000. Defendant agrees that the $4,000,000 Order of Forfeiture (Money Judgment) shall not be offset by forfeiture of any proceeds of his interest, if any, in the security EPTI.

Prior to sentencing, Defendant agrees to make a voluntary payment of $4,000,000 in United States currency to the United States Marshals Service, such payment to be used as satisfaction of the agreed-upon $4,000,000 Order of Forfeiture (Money Judgment).

Defendant admits that these assets, $4,000,000 and any interest he has in the trading proceeds of the security EPTI, are subject to forfeiture on the grounds that these monies constitute, or are derived from, proceeds of Defendant's offenses, or are substitute assets. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or

has had any legal or beneficial interest. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10.   Information for Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11.   Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

12.   Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

13.   Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any material provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by

Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.     Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.     Modifications to Plea Agreement

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eric S. Rosen.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: _____

STEPHEN E. FRANK
Chief, Securities and Financial Fraud Unit
JORDI DE LLANO
Deputy Chief, Securities and Financial Fraud Unit

_____

ERIC S. ROSEN
Assistant U.S. Attorney

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorneys. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses, and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorneys. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Morrie Tobin
Defendant
Date: 11/26/18

We certify that Morrie Tobin has read this Plea Agreement and that we have discussed its meaning. We believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. We also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

David Rosenfield, Esq.
Attorney for Defendant
Date: 11/27/18

Janet Layine, Esq.
Attorney for Defendant
Date: Nov. 26, 2018

10