1          IN THE UNITED STATES DISTRICT COURT

2           FOR THE DISTRICT OF MASSACHUSETTS

3
          * * * * * * * * * * * * *     18CR10444-NMG
4     UNITED STATES OF AMERICA*
                               *
5     VS.                      *     FEBRUARY 27, 2019
                               *     3:40 P.M.
6     MORRIE TOBIN and         *
      MILAN PATEL              *
7                              *     BOSTON, MA
          * * * * * * * * * * * * *

8

9          BEFORE THE HONORABLE NATHANIEL M. GORTON

10                      DISTRICT JUDGE

11                     (Rule 11 Hearing)

12     **APPEARANCES**:

13     FOR THE GOVERNMENT:     ERIC S. ROSEN, AUSA
                               United States Attorney's Office
14                             1 Courthouse Way
                               Suite 9200
15                             Boston, MA 02210

16     FOR THE DEFENDANT,
       MORRIE TOBIN:           BRIAN T. KELLY, ESQ.
17                             Nixon Peabody LLP
                               100 Summer Street
18                             Boston, MA 02110

19     FOR THE DEFEDANT,
       MILAN PATEL:            GEORGE M. CLARKE, III, ESQ.
20                             Baker & McKenzie LLP
                               815 Connecticut Avenue NW
21                             Washington, DC  20006

22     Court Reporter:         Debra D. Lajoie, RPR-FCRR-CRI-RMR
                               1 Courthouse Way
23                             Boston, MA  02210

24
                   Proceeding reported and produced
25                  by computer-aided stenography

1    27 FEBRUARY 2019 -- 3:40 P.M.

2              THE CLERK:  This is Criminal Action

3    No. 18-10444, the United States of America v.

4    Morrie Tobin.

5              Will counsel please identify themselves for the

6    record.

7              MR. ROSEN:  Good afternoon, Your Honor.

8    Eric Rosen for the Government.

9              THE COURT:  Good afternoon, Mr. Rosen.

10             MR. KELLY:  Good afternoon, Your Honor.

11   Brian Kelly on behalf of Mr. Tobin.

12             THE COURT:  Mr. Kelly, Mr. Tobin, good

13   afternoon.

14             DEFENDANT TOBIN:  Good afternoon, Your Honor.

15             THE COURT:  We also have Ms. Fitzpatrick from

16   Probation as well.

17             PROBATION OFFICER:  Good afternoon, Your Honor.

18             THE COURT:  Before we start, Mr. Rosen and

19   Mr. Kelly, is there any reason why we cannot do the two

20   changes of plea and waivers together?

21             MR. ROSEN:  I think I'm okay with that.  I would

22   have to ask Mr. Patel's counsel if they would be okay

23   with that?

24             MR. CLARKE:  We have no objection to that.

25             THE COURT:  Well, it would save time, it would

1    seem to me, to do -- we've done it in the past --

2         MR. ROSEN:  Sure.

3         THE COURT:  -- where we go through, and,

4    obviously, I have to ask each Defendant the questions

5    that I'm going to ask, but it does seem to me

6    ultimately to be a time-saver.  And this late in the

7    afternoon, unless there's some good reason not to do

8    it, it would make sense.

9         MR. KELLY:  We're always in favor of saving

10   time, Your Honor.

11        THE COURT:  Okay.  Well, then, what I would ask

12   is for Mr. Patel and his lawyer to come forward and sit

13   at the back table, and then we would go forward.

14        MR. ROSEN:  Great.

15        THE COURT:  We'll wait until they're present.

16        MR. CLARKE:  Your Honor, George Clarke on behalf

17   of Mr. Patel.

18        THE COURT:  All right.  I'm sorry.  Mr. Clarke?

19        MR. CLARKE:  Mr. Clarke, yes.

20        THE COURT:  Thank you.  Mr. Clarke and

21   Mr. Patel.  Please be seated.

22        DEFENDANT TOBIN:  Yes, Your Honor.  Thank you.

23        THE COURT:  All right.  Then, I do understand,

24   counsel, that we are here with respect to both

25   Defendants, to take a waiver from both Defendants and

1  then to take pleas to informations; am I correct in

2  that assumption, Mr. Kelly?

3  　　　　MR. KELLY:  Yes, Your Honor, you are.

4  　　　　THE COURT:  Mr. Clarke?

5  　　　　MR. CLARKE:  Yes, Your Honor.

6  　　　　THE COURT:  And the Government, Mr. Rosen?

7  　　　　MR. ROSEN:  Yes, Your Honor.

8  　　　　THE COURT:  All right.  Then, I think the way we

9  could do it, rather than have counsel and the

10  Defendants go to the witness stand, I'll do it just

11  from counsel table, and I will be asking questions of

12  both of the Defendants as we go through, but I think it

13  will save time as we go forward.

14  　　　　So I need to have both of the Defendants be

15  sworn before we get into the waiver colloquy.

16  　　　　So Mr. Kelly, if you will have your client,

17  Mr. Tobin, stand and be sworn.

18  　　　　(Defendant Tobin Was Sworn)

19  　　　　THE CLERK:  Thank you.  You may be seated.

20  　　　　DEFENDANT TOBIN:  Thank you.

21  　　　　THE COURT:  And, Mr. Clarke, would you have

22  Mr. Patel do the same.

23  　　　　(Defendant Patel Was Sworn)

24  　　　　THE CLERK:  Thank you.  You may be seated.

25  　　　　DEFENDANT PATEL:  Thank you.

1          THE COURT:  All right.  I'm going to proceed and

2     ask these questions and then ask each of you to answer

3     for the record, understanding that you are under oath.

4          First, Mr. Tobin, do you understand that you

5     have a Constitutional right to be charged by an

6     indictment by a Grand Jury but that you can waive that

7     right and consent to be charged by what is called an

8     information?  Do you understand that?

9          DEFENDANT TOBIN:  Yes, I do, Your Honor.

10          THE COURT:  And Mr. Patel, you understand that

11     as well?

12          DEFENDANT PATEL:  Yes, I do, Your Honor.

13          THE COURT:  Neither Defendant needs to stand.

14     You may be seated during the course of this colloquy,

15     and I'll just go back and forth to ask each of you

16     questions.

17          Mr. Patel, do you understand that?

18          DEFENDANT PATEL:  Yes, I do, Your Honor.

19          THE COURT:  Now, instead of indictment, these

20     felony charges against you both have been brought by

21     the United States Attorney by the filing of

22     informations.  Unless you waive the indictment, you may

23     not be charged with a felony unless a Grand Jury finds

24     by return of an indictment that there is probable cause

25     to believe that a crime has been committed and that you

1   have committed it.

2         Do you understand that, Mr. Tobin?

3         DEFENDANT TOBIN:  Yes, I do, Your Honor.

4         THE COURT:  Mr. Patel?

5         DEFENDANT PATEL:  Yes, I do, Your Honor.

6         THE COURT:  Now, if you do not waive indictment,

7   the Government may present the case to the Grand Jury

8   and request it to indict you.  And a Grand Jury is

9   composed of at least 16 but not more than 23 persons,

10  and at least 12 of those Grand Jurors must find that

11  there is probable cause to believe that you committed

12  the crime with which you are charged before you can be

13  indicted; do you understand that, Mr. Tobin?

14        DEFENDANT TOBIN:  Yes, I do, Your Honor.

15        THE COURT:  Mr. Patel?

16        DEFENDANT PATEL:  Yes, I do, Your Honor.

17        THE COURT:  Now, the Grand Jury might or might

18  not indict you, and if you waive indictment by the

19  Grand Jury, the case will proceed against you on the

20  United States Attorney's information just as though you

21  had been indicted.  And have you discussed the matter

22  of waiving your right to an indictment by the Grand

23  Jury with your attorney, Mr. Tobin?

24        DEFENDANT TOBIN:  Yes, I have, Your Honor.

25        THE COURT:  And have you done so, Mr. Patel?

1      DEFENDANT PATEL:  Yes, Your Honor.

2      THE COURT:  And have any threats or promises

3  been made to induce either of you to waive your right

4  to indictment by a Grand Jury?

5      DEFENDANT TOBIN:  No, Your Honor.

6      THE COURT:  Mr. Patel?

7      DEFENDANT PATEL:  No, Your Honor.

8      THE COURT:  Mr. Kelly, do you see any reason why

9  your client, Mr. Tobin, ought not to waive that right?

10      MR. KELLY:  No, I do not, Your Honor.

11      THE COURT:  Mr. Clarke, do you see any reason

12  why your client, Mr. Patel, should not waive that

13  right?

14      MR. CLARKE:  No, Your Honor.

15      THE COURT:  All right.  Have you both signed the

16  written waivers?

17      DEFENDANT TOBIN:  Yes, Your Honor.

18      DEFENDANT PATEL:  Your Honor, I have a copy in

19  front of me, which I can sign now.

20      THE COURT:  All right.  That's fine.

21      Mr. Tobin has already signed his.

22      All right.  It is the Court's finding that

23  both the Defendant Morrie Tobin and the Defendant

24  Milan Patel have made a waiver of indictment knowingly

25  and voluntarily.  Their waivers of indictment are,

1    therefore, accepted by the Court.

2           Now we'll proceed to the change of plea

3    colloquy, and I will go through the process again maybe

4    not quite the same way because, in some cases, I will

5    ask one Defendant a series of questions and then go and

6    ask the same series to the other.

7           We'll start with Mr. Tobin.

8           Mr. Tobin, do you understand that you are now

9    under oath and that, if you answer any of my questions

10   falsely, those answers may later be used against you in

11   a prosecution for perjury or making a false statement?

12   Do you understand that?

13          DEFENDANT TOBIN:  Yes, I do, Your Honor.

14          THE COURT:  Same question to you, Mr. Patel.  Do

15   you understand that?

16          DEFENDANT PATEL:  Yes, Your Honor.

17          THE COURT:  Now, Mr. Tobin, will you tell me

18   your full name for the record.

19          DEFENDANT TOBIN:  Morrie Neil Tobin.

20          THE COURT:  How old are you, Mr. Tobin?

21          DEFENDANT TOBIN:  55.

22          THE COURT:  And what is your educational

23   background?

24          DEFENDANT TOBIN:  Undergraduate, Bachelor of

25   Arts.

1      THE COURT:  You have a Bachelors Degree, a

2  college degree?

3      DEFENDANT TOBIN:  Yes.

4      THE COURT:  All right.  Have you ever been

5  treated for any mental illness or addiction to narcotic

6  drugs of any kind?

7      DEFENDANT TOBIN:  No, Your Honor.

8      THE COURT:  Are you presently under the

9  influence of any drug, medication or alcoholic beverage

10  of any kind?

11      DEFENDANT TOBIN:  No, Your Honor.

12      THE COURT:  I'll ask the same questions now of

13  Mr. Patel.

14      Mr. Patel, will you please state your full name

15  for the record.

16      DEFENDANT PATEL:  Milan Concuel Patel.

17      THE COURT:  How old are you, Mr. Patel?

18      DEFENDANT PATEL:  49 years old.

19      THE COURT:  And what is your educational

20  background?

21      DEFENDANT PATEL:  I have an undergraduate degree

22  as well as a law degree and a Masters in law and

23  taxation.

24      THE COURT:  All right.  Have you ever been

25  treated for any mental illness or addiction to narcotic

1      drugs of any kind?

2             DEFENDANT PATEL:  No, Your Honor.

3             THE COURT:  Are you presently under the

4      influence of any drug, medication or alcoholic beverage

5      of any kind?

6             DEFENDANT PATEL:  No, Your Honor.

7             THE COURT:  Now, back to Mr. Tobin.  Have you

8      received a copy of the information pending against you

9      in this case; that is, the written charges made against

10     you, and have you discussed those charges and the case

11     in general with Mr. Kelly, as your lawyer?

12            DEFENDANT TOBIN:  Yes, Your Honor.

13            THE COURT:  And in your own words, Mr. Tobin,

14     what do you understand you're being charged with here

15     this afternoon?

16            DEFENDANT TOBIN:  Securities fraud or stock

17     manipulation.

18            THE COURT:  All right.  And are you fully

19     satisfied with the counsel, representation and advice

20     given to you by Mr. Kelly, as your lawyer in this case?

21            DEFENDANT TOBIN:  Yes, Your Honor.

22            THE COURT:  Mr. Patel, same questions.

23            Have you received a copy of the information

24     pending against you; that is, the written charges made

25     against you, and have you discussed those charges and

1      the case in general with Mr. Clarke, as your lawyer?

2              DEFENDANT PATEL:  Yes, Your Honor.

3              THE COURT:  And, in your own words, what do you

4      understand you're being charged with here this

5      afternoon?

6              DEFENDANT PATEL:  I have two counts that I'm

7      being charged with, one for conspiracy to violate

8      securities law, and the second count is for violation

9      of securities law.

10             THE COURT:  And are you fully satisfied with the

11     counsel, representation and advice given to you by

12     Mr. Clarke, as your lawyer?

13             DEFENDANT PATEL:  Yes, absolutely, Your Honor.

14             THE COURT:  All right.  Now, I understand in

15     both cases a written plea agreement has been entered

16     into between you and the Government.  I would ask first

17     Mr. Kelly to outline the provisions -- rather, I'm

18     sorry -- Mr. Rosen, the Assistant United States

19     Attorney, to outline the plea agreement between the

20     Government and Mr. Tobin.

21             MR. ROSEN:  Your Honor, this is a plea agreement

22     of two counts, securities fraud and conspiracy.  The

23     maximum penalties on the counts are five years in

24     prison; three years of supervised release; a fine of

25     $250,000, twice the gain or loss; a special assessment

1   of $100 on each count.

2          For the securities fraud count, the penalty is

3   up to 20 years; again, supervised release for three

4   years; a fine of 5 million, twice the gross gain or

5   loss; and a $100 special assessment.

6          For Mr. Tobin, the parties have calculated a

7   base offense level of 7, plus 20 for loss, plus -- or

8   this is actually the US Attorney's position -- plus two

9   for conduct occurring outside the United States,

10  primarily Switzerland, and plus four for being an

11  organizer or leader, which gives a guidelines range of

12  97 to 121 months.

13         THE COURT:  Well, just the underlying -- it

14  would be a total offense level of 30, and if he is in

15  Criminal History Category I, the range would be 97 to

16  121?

17         MR. ROSEN:  That is correct, Your Honor, after

18  acceptance.

19         The parties -- the Government agrees to

20  recommend a sentence of incarceration at the low end of

21  the guidelines, a fine at the low end, 36 months of

22  supervised release and of course $200 special

23  assessment, and forfeiture.

24         Judge, you want me to do waiver of appeal, or do

25  you do that?

1          THE COURT:  Yes, you should do that as well.

2          MR. ROSEN:  Okay.  In terms of the waiver of

3    appellate rights and the right to bring future

4    challenges, he's waiving most of the appellate rights

5    to challenge his conviction on direct appeal, a right

6    to challenge any sentence under 121 months, and we will

7    not --

8          THE COURT:  That being the top range of the

9    applicable guideline range?

10         MR. ROSEN:  That is correct, Your Honor.

11         THE COURT:  Yes.

12         MR. ROSEN:  And the US Attorney will not appeal

13   any sentence of imprisonment of 97 months, and that's

14   the bottom of that range.

15         The carve-outs in this position -- in this

16   appellate waiver are, obviously, ineffective assistance

17   of counsel and the prosecutorial misconduct and that

18   the Court erred in calculating loss, restitution or

19   forfeiture amount.

20         In terms of forfeiture amount, the Defendant

21   must forfeit any interest in trade proceeds in the

22   security EPTI, which is the subject of this

23   information, and as well as pay a money judgment of

24   $4 million in United States currency, which shall be

25   satisfied by liquidating debenture holdings in Canada

1     and through payment of other assets.

2             And of course if Defendant -- if there is a

3     breach of the plea agreement through either Defendant

4     failing to comply with it or for lying to us or

5     anything else, the plea agreement is no longer valid.

6             THE COURT:  All right.  Thank you.

7             Mr. Tobin, are those the terms of your agreement

8     with the Government, as you understand them?

9             DEFENDANT TOBIN:  Yes, Your Honor.

10            THE COURT:  Other than written agreements with

11    the Government, has anyone made any other promise or

12    assurance to you of any kind in an effort to make you

13    enter a plea of guilty in this case?

14            DEFENDANT TOBIN:  No, Your Honor.

15            THE COURT:  Do you understand that the Court

16    does not have to accept the Government's recommendation

17    or your unopposed request, and if it does not, you

18    nevertheless will still be bound by your plea of guilty

19    and will have no right to withdraw it?  Do you

20    understand that?

21            DEFENDANT TOBIN:  Yes, Your Honor.

22            THE COURT:  Has anyone attempted in any way to

23    force you to plead guilty here this afternoon?

24            DEFENDANT TOBIN:  No, Your Honor.

25            THE COURT:  You understand that the offense to

1   which are you pleading guilty is a felony and that, if

2   that plea is accepted, you'll be judged guilty of that

3   offense and that such adjudication may deprive you of

4   valuable civil rights, such as the right to vote, the

5   right to hold public office, the right to serve on a

6   jury, the right to possess any kind of firearm.  Do you

7   understand that?

8           DEFENDANT TOBIN:  Yes, Your Honor.

9           THE COURT:  All right.  Now I'm going to go back

10  to Mr. Patel.  I understand as well a plea agreement

11  has been entered into between you and the Government.

12  I would now ask Mr. Rosen to outline the provisions of

13  that agreement for you and for the Court.

14          MR. ROSEN:  Judge, the charges are the same, so

15  I won't repeat the penalties here, unless you want me

16  to.

17          THE COURT:  No.  That's fine for now.  I'm going

18  to ask you to redo it at a later time.

19          MR. ROSEN:  Okay.

20          The sentencing guidelines here that the

21  parties agree at this time are a base offense level

22  of 7, increase of 20 for the loss of 9.5 million to

23  25 million.  After acceptance of responsibility, we

24  have calculated a range of 51 to 63 months, assuming

25  he's a Criminal History I.

1    THE COURT:  That differs from the earlier, does

2    if not, Mr. Rosen?  I thought we were at total offense

3    level 26, Criminal History Category I, which was 63 to

4    78.

5    MR. ROSEN:  I have 27.  His base level is 7 --

6    THE COURT:  Maybe I miscalculated.

7    MR. ROSEN:  -- which would be 70 to 87 months,

8    minus three, we'd be at 24, which is I believe 51 to

9    63.

10    THE COURT:  Is that your understanding,

11    Mr. Clarke?

12    MR. CLARKE:  No, Your Honor.  I think -- I

13    understood it was 26, and I understood the range was 63

14    to 78.

15    THE COURT:  That's what my papers indicate.  So

16    let's clarify that before we go on.

17    MR. KELLY:  Maybe he's thinking of the new range

18    he wants to give Mr. Tobin.  Maybe not.

19    THE COURT:  Okay.  Where I see -- Mr. Rosen, if

20    you'll look at Page 5 of the -- under the waiver,

21    Page 5, Paragraph 6C, says the Defendant agrees not to

22    appeal anything under 78; whereas, the Government won't

23    appeal anything -- other way around -- the Government

24    won't appeal anything under 63, the Defendant won't

25    appeal anything above --

1        MR. ROSEN:  Yeah, I --

2        THE COURT:  It's 68 to 73.

3        MR. ROSEN:  I see where the error is, and I

4   think the -- I'm fine sticking with the appellate

5   waiver.  I think in terms of the sentencing

6   guidelines, though, it's slightly -- I think it's

7   slightly different, which would be -- because under

8   2B1.1(a)(1) --

9        THE COURT:  Well, let me do this, this way --

10       MR. ROSEN:  Okay.

11       THE COURT:  -- I believe you start with a base

12   offense level of 7; correct?

13       MR. ROSEN:  Correct.

14       THE COURT:  You add a total of 20 because the

15   loss is more than 9.5 million; right?

16       MR. ROSEN:  Right.

17       THE COURT:  You add two for sophisticated means;

18   correct?

19       MR. ROSEN:  I didn't -- we didn't have the

20   sophisticated --

21       THE COURT:  Oh, you didn't have sophisticated

22   means?

23       MR. ROSEN:  Not for this Defendant, Your Honor.

24       THE COURT:  Is that the difference?

25       MR. ROSEN:  No.  I think the difference is --

1     that would be 27 minus three would be 24.

2          THE COURT:  Yes.

3          MR. ROSEN:  So that would be 51 to 63 --

4          THE COURT:  Yes.

5          MR. ROSEN:  -- as what we have calculated.

6          MR. CLARKE:  Your Honor, we're accepting that,

7     if that's the --

8          THE COURT:  I'm quite certain that the

9     Defendants will accept that modification.

10          MR. CLARKE:  It would be a different argument,

11     but --

12          MR. ROSEN:  No, Your Honor.

13          THE COURT:  There is, therefore --

14          MR. ROSEN:  Sorry.  There is -- the error -- I

15     see the error, and I apologize for being -- the error

16     is that we used -- instead of the sophisticated means,

17     we used the two level for, you know, that the offense

18     was committed from outside the United States.

19          THE COURT:  Oh, yes, yes.

20          MR. ROSEN:  But the format there got a little

21     messed up, so I apologize.  Sorry, George.

22          MR. CLARKE:  That's all right.  I mean, I

23     calculated --

24          MR. ROSE:  So it's 63 to 78.

25          THE COURT:  So it's two levels because of the --

1     what is it again?

2          MR. ROSEN:   The offense was committed from

3     outside the United States.

4          THE COURT:   And under what section are we

5     dealing?

6          MR. ROSEN:   It's 2B1.1(b)(10).

7          THE COURT:   Okay.  And you agree with that,

8     Mr. Clarke?

9          MR. CLARKE:   That's what I understood we were

10    agreeing to, yeah.

11         THE COURT:   All right.  So, therefore, as I was

12    going through, I misspoke.  It's not for sophisticated

13    means; it's because the offense took place outside the

14    United States.  So that means there's an adjusted

15    offense level of 29.  When he gets a three-level

16    downward adjustment for acceptance of responsibility,

17    he ends up with a total offense level of 26; correct?

18         MR. ROSEN:   That is correct, yeah.

19         THE COURT:   And then that means that the

20    guideline range is 63 to 78 months.

21         Mr. Clarke, do you agree with that?

22         MR. CLARKE:   Yes, Your Honor.

23         THE COURT:   Okay.  All right.  Go ahead --

24         MR. ROSEN:   Sorry.

25         THE COURT:   -- Mr. Rosen.

1          MR. ROSEN:  The Government will recommend

2     incarceration at the low end of that guidelines range,

3     which is 63 months; as well as a fine, as calculated by

4     the parties in the paragraph; 36 months of supervised

5     release; and of course a $200 special assessment; and

6     any forfeiture, as deemed by the Court.

7          The waiver of right to appeal here is the same

8     as with Mr. Tobin.  He basically waives the right to

9     challenge his conviction on direct appeal or in a

10    future proceeding, and that includes any sentence of

11    78 months or less; and the Government agrees to give up

12    any sentence -- to give up appellate rights for any

13    sentence of 63 months or more.

14         The forfeiture here is, again, Mr. Patel's

15    interest in the trade proceeds of EPTI, the security,

16    as well as a money judgment in an amount, if any, to be

17    determined by the Court at sentencing.

18         And, finally, obviously, if the Defendant

19    breaches the plea agreement by lying or doing any

20    other -- anything else as outlined there in

21    Paragraph 12, the plea agreement is now null and void.

22         THE COURT:  Mr. Patel, are those the terms of

23    your agreement with the Government, as you understand

24    them?

25         DEFENDANT PATEL:  Yes, Your Honor.

1    THE COURT:  Other than written agreements with

2    the Government, has anyone made any promise or

3    assurance to you of any kind in an effort to make you

4    enter a plea of guilty in this case?

5    DEFENDANT PATEL:  No, Your Honor.

6    THE COURT:  You understand that the Court does

7    not have to accept the Government's recommendation or

8    your unopposed request, and if it does not, you

9    nevertheless will still be bound by your plea of guilty

10   and will have no right to withdraw it?  Do you

11   understand that?

12   DEFENDANT PATEL:  Yes, Your Honor.

13   THE COURT:  Has anyone attempted in any way to

14   force you to plead guilty here this afternoon?

15   DEFENDANT PATEL:  No, Your Honor.

16   THE COURT:  Do you understand that the offense

17   to which are you pleading guilty is a felony and that,

18   if that plea is accepted by this Court, you will be

19   judged guilty of that offense and that, therefore, you

20   may be deprived of valuable civil rights, such as the

21   right to vote, the right to hold public office, the

22   right to serve on a jury, the right to possess any kind

23   of firearm?  Do you understand all of that?

24   DEFENDANT PATEL:  Yes, Your Honor.

25   THE COURT:  All right.  Then I'm going to go

1    back to Mr. Tobin and ask Mr. Rosen to inform him of

2    the maximum possible penalties that he faces in these

3    charges and if there are any mandatory minimums.

4          MR. ROSEN:  Your Honor, there are no mandatory

5    minimums.

6          In terms of the maximum possible penalty, for

7    Count I, it's a five-year max; with supervised release

8    of three years; a fine of $250,000 or more; a special

9    assessment of $100 that, and that applies for each

10   count; restitution; and forfeiture.

11         And for Count II, for both Defendants,

12   incarceration for 20 years; supervised release for

13   three years; a fine of $5 million, or twice the gross

14   gain or loss; and a mandatory assessment of $100; and

15   of course forfeiture, to the extent applicable.

16         THE COURT:  All right.  And I will ask the same

17   question with respect to Defendant Mr. Patel.  Will you

18   explain the possible penalties with respect to him.

19         MR. ROSEN:  Sure.  Count I, which is the

20   conspiracy count, incarceration for five years;

21   supervised release for three years; a fine of $250,000

22   or more; a special assessment of $100; restitution;

23   forfeiture, to the extent charged in the information.

24         And for Count II, incarceration for 20 years;

25   supervised release for three; a fine of $5 million or

1     more; and a mandatory special assessment of $100; and

2     of course forfeiture.

3          THE COURT:  All right.  Mr. Tobin, do you

4     understand the possible consequences of your plea here

5     this afternoon?

6          DEFENDANT TOBIN:  Yes, Your Honor.

7          THE COURT:  And Mr. Patel, do you understand the

8     possible consequences of your plea here this afternoon?

9          DEFENDANT PATEL:  Yes, Your Honor.

10         THE COURT:  Now, under the Sentencing Reform Act

11    of 1984, the United States Sentencing Commission issued

12    guidelines for Judges to follow when imposing sentences

13    in criminal cases.

14         In your case, Mr. Tobin, have you discussed with

15    Mr. Kelly how those guidelines may apply in your

16    specific case?

17         DEFENDANT TOBIN:  Yes, Your Honor.

18         THE COURT:  And Mr. Patel, have you discussed

19    with Mr. Clarke how those guidelines may apply in your

20    specific case?

21         DEFENDANT PATEL:  Yes, Your Honor.

22         THE COURT:  Now, do you both understand that a

23    decision of the United States Supreme Court about ten

24    or 12 years ago rendered the sentencing guidelines

25    advisory, rather than mandatory, meaning that I have

1    the discretion to sentence you anywhere in the range

2    set forth in the statute governing the crime to which

3    you plead guilty and that I am not required to sentence

4    you within the range prescribed in the guidelines or

5    even pursuant to the factors contained in those

6    guidelines.  Do you understand that, Mr. Tobin?

7            DEFENDANT TOBIN:  Yes, Your Honor?

8            THE COURT:  And Mr. Patel?

9            DEFENDANT PATEL:  Yes, Your Honor.

10           THE COURT:  Now, do you also understand that the

11   Court will not be able to determine even what advisory

12   guideline applies until after a presentence report has

13   been prepared for me by the Probation Department and

14   both you and the Government have had a chance to

15   challenge the facts that are set forth in that report?

16           Do you understand that, Mr. Tobin?

17           DEFENDANT TOBIN:  Yes, Your Honor.

18           THE COURT:  And Mr. Patel?

19           DEFENDANT PATEL:  Yes, Your Honor.

20           THE COURT:  You also understand that, after it

21   has been determined what the advisory guideline is, the

22   Judge, in this case, that means me, has the authority

23   in some circumstances to impose a sentence that is more

24   severe or less severe than those called for in the

25   guidelines?

1          Do you understand that, Mr. Tobin?

2          DEFENDANT TOBIN:  Yes, Your Honor.

3          THE COURT:  Mr. Patel?

4          DEFENDANT PATEL:  Yes, Your Honor.

5          THE COURT:  And do you also understand that,

6    under some circumstances, either you or the Government

7    can appeal my sentence to a higher Court, but in the

8    case of Mr. Tobin, I believe -- what was the --

9    97 months?  If the sentence is 97 months against you or

10   anything less than that, you will not be able to appeal

11   to a higher Court; do you understand that?

12         DEFENDANT TOBIN:  Yes, Your Honor.

13         THE COURT:  And do you understand, Mr. Patel, in

14   your case that, if the sentence is 63 months or less,

15   that you will not be able to appeal to a higher Court?

16   Do you understand that?

17         DEFENDANT PATEL:  Yes, Your Honor.

18         THE COURT:  Do you also understand that parole

19   has been abolished, and if you are sentenced to be

20   imprisoned, you will not be released on parole?

21         Mr. Tobin, do you understand that?

22         DEFENDANT TOBIN:  Yes, Your Honor.

23         THE COURT:  Mr. Patel?

24         DEFENDANT PATEL:  Yes, Your Honor.

25         THE COURT:  All right.

1      Now, Mr. Tobin first, and I'll ask Mr. Patel to

2 listen along because I'm going to ask you the same

3 question.

4      Do you understand generally that you have a

5 right to plead not guilty to any charge against you and

6 to persist in that plea and that you would then have

7 the right to a trial by jury during which you'd have

8 the right to be represented by a lawyer in your

9 defense, you'd have the right to see and hear all of

10 the witnesses and have them cross-examined in your

11 defense, you would have the right on your own part to

12 decline to testify, unless you voluntarily agree to do

13 so, and you'd have the right to the issuance of

14 subpoenas, or compulsory process, to compel the

15 attendance of witnesses to testify in your defense?

16      Do you understand that, Mr. Tobin?

17      DEFENDANT TOBIN:  Yes, Your Honor.

18      THE COURT:  And Mr. Patel?

19      DEFENDANT PATEL:  Yes, Your Honor.

20      THE COURT:  And do you further understand that,

21 by entering a plea of guilty, if that plea is accepted,

22 you will have waived or given up your right to a trial

23 by jury as well as those other rights associated with

24 such a trial that I just described?

25      Do you understand that, Mr. Tobin?

1    DEFENDANT TOBIN:  Yes, Your Honor.

2    THE COURT:  Mr. Patel?

3    DEFENDANT PATEL:  Yes, Your Honor.

4    THE COURT:  All right.  Then I would ask

5    Mr. Rosen, on behalf of the Government, to inform each

6    of the Defendants of exactly what facts the Government

7    would prove if this matter were to go to trial.

8    MR. ROSEN:  Your Honor, this is a securities

9    fraud case.  The Defendants, both of them, together

10   with others, which included Roger Knox who's also

11   before this Court, and Matthew Ledvina who's before

12   Judge Young, engaged in a deceptive scheme to sell

13   publicly traded stock to investors.

14   The Defendant, Mr. Tobin, secretly controlled a

15   public company, which is EPTI, Environmental Packaging

16   Technologies Holdings.  From 2013 to the present,

17   Mr. Tobin, together with the assistance of Patel,

18   Ledvina and others, defrauded investors by concealing

19   Mr. Tobin's control of the company, enabling Tobin to

20   sell his shares without registering the offers or sales

21   of stock with the SEC, without disclosing to investors

22   accurate information about Mr. Tobin's ownership and

23   control over EPTI and without complying with the

24   limitations on the sale of stock by company affiliates

25   such as Mr. Tobin.

1          The stock of EPTI was the subject of a

2    pump-and-dump scheme in 2017.  It was traded over the

3    Silverton trading platform owned by the Defendant,

4    Roger Knox.  During the pump-and-dump, marketing

5    materials were sent to investors in Massachusetts, and

6    Massachusetts investors purchased the stock.  The vast

7    majority of the stock, the free-traded stock, was

8    controlled by Mr. Tobin together with another

9    individual from California, but he didn't own any

10   shares in his own name.

11          The plan was for Tobin, Patel, Ledvina and

12   others to use Tobin's secret control over the stock

13   known as EPTI to profit from illegal stock sales using

14   a network of foreign and domestic nominee entities.

15   Mr. Patel and Mr. Ledvina's role was primarily to

16   create these nominee entities, knowing these entities

17   would be used to hold the stock secretly controlled by

18   Tobin.  Patel and Ledvina agreed that Tobin would be

19   paid 4.5 percent of the group's net trading profits

20   after other fees associated with offshore asset

21   management and other costs.

22          In 2016 and '17, there was a reverse merger of

23   EPTI where Mr. Patel, Mr. Ledvina and others helped

24   deposit the shares of EPTI into nominee entities and

25   then transfer the shares to Silverton where they could

1    be sold.

2         And then, finally, in June of 2017, Knox's

3    Silverton transferred the stock to a number of

4    different brokerages, and it was sold as part of the

5    pump-and-dump by using the network of nominees and

6    other accounts at brokers and names of asset managers.

7    Tobin, with Patel, Ledvina and others hid Tobin's

8    control over EPTI stock, creating the false appearance

9    to investors that no single EPTI nominee or Tobin owned

10   more than five percent of the company's stock, enabling

11   the Defendants to evade SEC rules that require the

12   disclosure of such ownership reports.

13        The pump-and-dump began on June 12th, 2017, and

14   up through June 27th of 2017, and then Silverton sold

15   approximately $1.5 million in shares during that

16   pump-and-dump.

17        THE COURT:  Mr. Tobin, do you have anything to

18   add to what Mr. Rosen says the Government would be able

19   to prove if this matter were to go to trial?

20        DEFENDANT TOBIN:  No, Your Honor.

21        THE COURT:  Do you disagree with anything that

22   he says the Government would be able to prove?

23        DEFENDANT TOBIN:  No, Your Honor.

24        THE COURT:  Mr. Patel, do you have anything to

25   add to what Mr. Rosen says the Government would be able

1    to prove if this matter were to go to trial?

2         DEFENDANT PATEL:  No, Your Honor.

3         THE COURT:  Do you disagree with anything that

4    he says the Government would be able to prove?

5         DEFENDANT PATEL:  No, Your Honor.

6         THE COURT:  That being so, I would ask the

7    Deputy to inquire, first of Mr. Tobin and then of

8    Mr. Patel, as to how he, or they, wish to plead.

9         And would you please stand, Mr. Tobin.

10        DEFENDANT TOBIN:  Yes.

11        THE CLERK:  Mr. Tobin, Count I of the two-count

12   information charges you with conspiracy to commit

13   securities fraud, in violation of Title 18 of the

14   United States Code, Section 371.

15        How do you wish to plead to Count I, guilty or

16   not guilty?

17        DEFENDANT TOBIN:  Guilty.

18        THE CLERK:  Count II of the information charges

19   you with securities fraud, in violation of Title 15 of

20   the United States Code, Section 78JB and 78FF.

21        How do you wish to plead to Count II, guilty or

22   not guilty?

23        DEFENDANT TOBIN:  Guilty.

24        THE CLERK:  Thank you.  You may be seated.

25        THE COURT:  And now Mr. Patel, will you please

1    stand.

2           THE CLERK:  Mr. Patel, Count I of the two-count

3    information charges you with conspiracy to commit

4    securities fraud, in violation of Title 18 of the

5    United States Code, Section 371.

6           How do you wish to plead to Count I, guilty or

7    not guilty?

8           DEFENDANT PATEL:  Guilty.

9           THE CLERK:  Count II of the information charges

10   you with securities fraud, in violation of Title 15 of

11   the United States Code, Section 78JB and 78FF.

12          How do you wish to plead to Count II, guilty or

13   not guilty?

14          DEFENDANT PATEL:  Guilty.

15          THE CLERK:  Thank you.  You may be seated.

16          THE COURT:  I'd ask Mr. Tobin to please stand

17   once more.  It is the finding of this Court, in the

18   case of United States v. Morrie Tobin, that the

19   Defendant is fully competent and capable of entering an

20   informed plea and that his plea of guilty is a knowing

21   and voluntary plea supported by an independent basis in

22   fact containing each of the essential elements of the

23   offense charged.  His plea is, therefore, accepted; and

24   he is now judged guilty of that offense.

25          You may be seated for the time being, Mr. Tobin.

1      DEFENDANT TOBIN:  Thank you.

2      And Mr. Patel, will you please stand.

3      It is the finding of the Court, in the case of

4  the United States v. Milan Patel, that the Defendant is

5  fully competent and capable of entering an informed

6  plea and that his plea of guilty is a knowing and

7  voluntary plea supported by an independent basis in

8  fact containing each of the essential elements of the

9  offense charged.  His plea is, therefore, accepted; and

10  he is now judged guilty of that offense.

11      You may be seated, Mr. Patel.

12      Both Defendants, this is notification that a

13  written presentence report will be prepared for me by

14  the Probation Office to assist me in sentencing.  You

15  will be asked to give information for those reports,

16  and your attorneys may be present if you wish.

17      The Court will permit you and your counsel to

18  read that presentence report before the sentencing

19  hearing, and at the sentencing hearing, not only your

20  attorneys, but you yourselves will be allowed to speak.

21      Do you understand that, Mr. Tobin?

22      DEFENDANT TOBIN:  Yes, I do, Your Honor.

23      THE COURT:  And Mr. Patel?

24      DEFENDANT PATEL:  Yes, Your Honor.

25      THE COURT:  All right.  Now, I understand there

1    are conditions of release.  You are both to abide by

2    certain conditions of release.

3          Do those conditions still apply?

4          MR. ROSEN:  For the Government, they do, yes.

5          THE COURT:  All right.  Then, I will try to find

6    the appropriate one.

7          Mr. Tobin, the conditions upon which you

8    are released are that you are to report to the

9    United States Probation and Pretrial Office, as

10   directed; to maintain and not move your present

11   residence without prior permission; your travel is

12   restricted to the continental United States; you are

13   to surrender any passport that you have to the

14   United States Probation or Pretrial and not obtain

15   another passport or other travel documents while this

16   case is pending; you are to report any contact with law

17   enforcement within 24 hours; to refrain from possessing

18   a firearm, destructive device or other dangerous

19   weapon; participate in a mental health treatment

20   program, as directed; and obey all statutory conditions

21   of release.

22         Do you understand those conditions, Mr. Tobin?

23         DEFENDANT TOBIN:  Yes, Your Honor.

24         THE COURT:  Mr. Patel, the conditions of your

25   release I believe are identical, but I'll go over them

1    nevertheless.

2         You are to report to the United States Probation

3    and Pretrial Services, as directed; maintain your

4    residence and not move without prior permission; your

5    travel is restricted to the continental United States;

6    you are to surrender your passport to the United States

7    Probation Office and not obtain another passport or

8    other travel documents while this case is pending; you

9    are to report any contact with law enforcement within

10   24 hours; and refrain from any possession of a firearm,

11   destructive device or other dangerous weapon; you are

12   to participate in a mental health treatment program, as

13   directed; and you are to obey all statutory conditions

14   of release.

15        Do you understand that, Mr. Patel?

16        DEFENDANT PATEL:  Yes, Your Honor.

17        THE COURT:  All right.  Now, the sentencings are

18   to be scheduled for Mr. Tobin on Tuesday, June 4th,

19   2019, at 3:00 p.m.  Any known conflicts, Mr. Kelly?

20        MR. KELLY:  Not that I'm aware of right now,

21   Your Honor.

22        THE COURT:  All right.  And the Government,

23   Mr. Rosen?

24        MR. ROSEN:  No, Your Honor.

25        THE COURT:  And then, with respect to Mr. Patel,

1     it will be Wednesday, June 5th, 2019, at 3:00 p.m., in

2     this Courthouse.  Any known conflicts, Mr. Clarke?

3             MR. CLARKE:  No, Your Honor.

4             THE COURT:  Or the Government in that case?

5             MR. ROSEN:  No, Your Honor.

6             THE COURT:  All right.  Then, that's when

7     they'll be, Tuesday, June 4th at 3:00 p.m., for

8     Mr. Tobin; Wednesday, June 5th at 3:00 p.m.; for

9     Mr. Patel.

10            Failure to appear, as required, is a criminal

11    offense for which either of you could be sentenced to

12    imprisonment.  All of the conditions on which you have

13    been released up until now continue, as I have repeated

14    for you just now, and penalties for violating those

15    conditions can be severe.

16           Do you understand that, Mr. Tobin?

17           DEFENDANT TOBIN:  Yes, Your Honor.

18           THE COURT:  Mr. Patel?

19           DEFENDANT PATEL:  Yes, Your Honor.

20           THE COURT:  Is there any further business to

21    come before the Court in these proceedings, Mr. Rosen?

22           MR. ROSEN:  No, Your Honor.

23           THE COURT:  Mr. Kelly?

24           MR. KELLY:  No, Your Honor.

25           THE COURT:  Mr. Clarke?

1          MR. CLARKE:  No, Your Honor.

2          THE COURT:  Then, we are adjourned.  Thank you.

3          (Adjourned, 4:19 p.m.)

C E R T I F I C A T I O N

 

 

 

 

 

 

 

I, Debra D. Lajoie, RPR-FCRR-CRI-RMR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

 

 

 

 

 

/s/ Debra D. Lajoie

 

 

 

 

3/22/19