UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>1. MORRIE TOBIN,<br>Defendant. | )<br>)<br>)<br>) Criminal No. 18-10444-NMG<br>)<br>)<br>) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

### GORTON, D.J.

WHEREAS, on November 27, 2018, the United States Attorney for the District of Massachusetts filed a two-count Information, charging defendant, Morrie Tobin (the "Defendant") and another, with Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. § 371 (Count One); and Securities Fraud, in violation of 15 U.S C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2;

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offenses alleged in Counts One and Two of the Information of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used in any manner or part, to commit, or to facilitate the commission, of such offenses, the property to be forfeited includes, without limitation, the following assets:

    a. Defendant's interest, if any, in any and all trading proceeds for the security EPTI; and

    b. $4,000,000 to be entered in the form of an Order of Forfeiture (Money Judgment);

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on December 3, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on November 26, 2018 [2019 struck through]; *NMG 6/5/19*

WHEREAS, in Section 9 of the plea agreement, the Defendant was advised the United States will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture, which may be satisfied at any time prior to sentencing, may include assets, directly traceable to Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses, the assets to be forfeited specifically included, without limitation, the following:

  a. Defendant's interest, if any, in any and all trading proceeds for the security EPTI; and

  b. $4,000,000 to be entered in the form of an Order of Forfeiture (Money Judgment);

WHEREAS, at the Rule 11 hearing, the Defendant admitted that $4,000,000 is subject to forfeiture on the grounds it is at least equal to the amount of proceeds the Defendant obtained (directly or indirectly) as a result of the offenses, separate and apart from the offenses involving

the security EPTI;

WHEREAS, the Defendant admitted that the proceeds, or property acquired as a result of his crimes are no longer available for forfeiture, accordingly, Defendant agreed the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets in lieu of the $4,000,000;

WHEREAS, the Defendant agreed that the $4,000,000 Order of Forfeiture (Money Judgment) shall not be offset by forfeiture of any proceeds of his interest, if any, in the security EPTI;

WHEREAS, the Defendant further agreed, that prior to sentencing, to make a voluntary payment of $4,000,000 to the United States Marshals Service, such payment to be used as satisfaction of the agreed-upon $4,000,000 Order of Forfeiture (Money Judgment);

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on December 3, 2018, the United States is entitled to forfeiture of Defendant's interest, if any, in any and all trading proceeds for the security EPTI; and an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $4,000,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $4,000,000 represents proceeds that the Defendant obtained as a result of his violations as charged in the Information; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $4,000,000, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth above to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
NATHANIEL M. GORTON
United States District Judge

Dated: 6/5/19